UNITED STATES, respondent, *v.* UPHAM, appellant.

DISTRICT COURT — *jurisdiction and practice.* The Organic Act of Montana Territory, approved May 26, 1864, confers upon the district courts of the Territory the jurisdiction and practice of the district and circuit courts of the United States in cases arising under the constitution and laws of the United States.

CRIMINAL LAW — *peremptory challenges.* A party, who has been indicted for grand larceny and receiving stolen goods in violation of the laws of the United States, is entitled to three peremptory challenges to the jury impaneled to try the case, under chapter 333, acts 42d congress, approved June 8, 1872.

*Appeal from Second District, Deer Lodge County.*

AT the trial, a jury was drawn from the regular panel, and passed for cause by the parties, after the jurors had been examVOL. II. — 15.

ined respecting their qualifications to serve. The defendant then challenged peremptorily one of the jury. The court, KNOWLES, J., overruled the challenge, and the jury was then sworn to try the case.

Chapter 333 of the acts of the 42d congress, approved June 8, 1872 (17 U. S. Sts. 282), provides that, in certain criminal cases, the United States and defendant shall be entitled to a number of peremptory challenges, "and in all other cases, civil and criminal, each party shall be entitled to three peremptory challenges."

W. F. SANDERS, SHARP & NAPTON, and SHOBER & LOWRY, for appellant.

Counsel referred to the said act of congress. Their arguments upon other points are omitted.

M. C. PAGE, United States Attorney, and W. H. CLAGETT, for respondent.

SERVIS, J. The appellant and Thomas C. Power were indicted by the United States grand jury for the second judicial district, in and for the county of Deer Lodge, at the October term, 1873. They were charged with grand larceny and receiving stolen goods in violation of the laws of the United States. A trial was had at said term, when Power was discharged, and appellant was convicted of receiving stolen goods, and sentenced to the penitentiary. From this action an appeal has been taken to this court, and many errors have been assigned, and are set out in the record of the case.

Among these errors is that of the refusal of the court to allow any peremptory challenges to the jury that was impaneled in the case. In its ruling thereon, we think the court erred.

The Organic Act of this Territory, wherein the jurisdiction of the United States district and circuit courts, in cases arising under the constitution and laws of the United States, is conferred upon our district courts, necessarily carries with it the practice of those courts. The attention of the court below could not have been called to the statute allowing the appellant three peremptory

challenges to the jury. Without considering the other errors, which are assigned, the judgment is reversed, and a new trial granted.

*Judgment reversed.*